**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-4505**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CALEB MALIK BATCHELOR,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00541-D-1)

───────────

Submitted:  October 13, 2022                     Decided:  October 17, 2022

───────────

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:**  M. Linsay Boyce, DYSART WILLIS & HUBBARD PLLC, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Caleb Malik Batchelor pled guilty, pursuant to a written plea agreement, to two counts of possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed a 235-month sentence, which was within the advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the validity of Batchelor's guilty plea and the reasonableness of his sentence, claiming that Batchelor is actually innocent, and raising an ineffective assistance of counsel claim. Although advised of his right to do so, Batchelor has not filed a supplemental pro se brief. The Government has moved to dismiss Batchelor's appeal as barred by the appeal waiver in his plea agreement. For the following reasons, we affirm in part and dismiss in part.

We review de novo the validity of the appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Generally, we "will enforce an appeal waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018) (internal quotation marks omitted). A defendant validly waives his appeal rights if the waiver is knowing and intelligent. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted).

Our independent review of the record confirms that Batchelor knowingly and voluntarily waived his right to appeal his convictions and whatever sentence was imposed on any ground other than ineffective assistance of counsel or prosecutorial misconduct. Thus, we conclude the waiver is valid and enforceable. Further, the sentencing issue counsel raises on appeal pursuant to *Anders* falls squarely within the broad compass of the waiver, as does Batchelor's claim of actual innocence. "A proper showing of actual innocence" falls outside the scope of an appeal waiver, *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (internal quotation marks omitted), but Batchelor has not made a cognizable showing of actual innocence. Specifically, although Batchelor argues that he was not previously convicted of a felony offense and is thus innocent of the § 922(g) offenses, the record reflects that he previously received a 14-month sentence for a drug offense and therefore was a convicted felon when he possessed the ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Batchelor's appeal waiver does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). A guilty plea is valid if it represents a knowing, intelligent, and voluntary choice by a defendant who is aware of the likely consequences of his plea. *United States v. Fisher*, 711 F.3d 460, 464-65 (4th Cir. 2013). Because Batchelor did not attempt to withdraw his guilty plea in the district court, we review the validity of the plea for plain error, and may vacate the plea only if Batchelor shows there is a reasonable probability he would not have pled guilty but

for the district court's errors.* *See United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).  Although our review reveals a minor omission during the colloquy, *see* Fed. R. Crim. P. 11(c)(4), we conclude that it did not affect Batchelor's substantial rights, *see Sanya*, 774 F.3d at 817 (discussing substantial rights in guilty plea context).  Moreover, there is no suggestion in the record that, if not for the court's omission, Batchelor would not have pled guilty.  Batchelor's guilty plea was therefore valid.

Lastly, Batchelor's claim that his counsel rendered ineffective assistance falls outside of the scope of his appeal waiver.  Unless the record conclusively establishes that counsel rendered ineffective assistance, however, such claims are not cognizable on direct appeal.  *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).  Because the present record does not conclusively establish that counsel rendered ineffective assistance, we decline to address this claim on direct appeal.  Batchelor's argument is more appropriately raised, if at all, in a 28 U.S.C. § 2255 motion.  *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion in part and dismiss Batchelor's appeal as to the issues within the scope of his appeal waiver, and we deny the motion in part and affirm the remainder of the judgment.  This court requires that counsel inform Batchelor, in writing, of the right to petition the Supreme

---

* Batchelor consented to a magistrate judge conducting the Fed. R. Crim. P. 11 hearing.

4

Court of the United States for further review.  If Batchelor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Batchelor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*